IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| QA3 FINANCIAL CORP., QA3 FINANCIAL, LLC, QUANTUM INSURANCE DESIGN, LLC, and QA3, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:12CV5 |
| V. | ) ) | |
| FINANCIAL NETWORK INVESTMENT CORPORATION, CETERA FINANCIAL GROUP, and MULTI-FINANCIAL SECURITIES CORPORATION, | ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

    Plaintiffs have filed a motion requesting that they be granted leave to file an amended complaint. (Filing 35.) Plaintiffs' motion will be granted.

## BACKGROUND

    On January 5, 2012, Plaintiffs filed their Complaint (filing 1), alleging claims based on promissory estoppel; the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 to 1623; breach of contract; and unjust enrichment. This Court entered an order on May 3, 2012 (filing 26), dismissing Plaintiffs' promissory estoppel claim with prejudice. In doing so, the Court reasoned that it could not be inferred from the Complaint that Defendant Financial Network Investment Corporation ("FNIC") made a promise to Plaintiffs upon which Plaintiffs could reasonably rely. (Id. at CM/ECF p. 13.) The Court stated that the inference drawn from the Complaint was that "Plaintiffs and FNIC engaged in good-faith contract negotiations that ultimately broke down." (Id.) The Court also dismissed Plaintiffs' NCPA claim with prejudice and the breach of contract claim as it related to Defendants Multi-Financial Securities Corporation and Cetera Financial Group.

Plaintiffs seek to amend their Complaint to remove the theories of recovery dismissed by the Court and to add theories of recovery for fraudulent misrepresentation, fraudulent concealment and negligent misrepresentation based upon the facts previously alleged in the Complaint. Defendants oppose Plaintiffs' proposed amendment.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).

Defendants argue that amendment would be futile because reasonable reliance is an element that applies to fraud and negligent misrepresentation claims and the Court previously found that Plaintiffs failed to plead reasonable reliance. The Court will not deny Plaintiffs' motion to amend on this basis. While leave to amend may be denied based on futility, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma–10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999). The Court is unable, at this time, to conclude that the proposed amendments are clearly frivolous. The question of whether Plaintiffs have asserted viable causes of action "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008). In this case, the sufficiency of Plaintiffs' proposed amendments can be best considered in the context of a motion to dismiss or motion for summary judgment.

Defendants also assert that amendment would be prejudicial because the proposed amended complaint involves new theories of recovery and would therefore broaden

discovery and increase costs. The Court finds this argument unpersuasive. This action was filed on January 5, 2012. The parties did not submit their Fed. R. Civ. P. 26(f) report until July 16, 2012. Discovery is in its early stages and the Court has yet to hold a planning conference. At such an early stage in this proceeding, Defendants will not be prejudiced by a possible expansion of discovery.

Defendants further argue that they will be prejudiced by the delay which would result by the submission of an amended complaint. Defendants contend that the current progression schedule requires completion of discovery and trial in seven months. Defendants maintain that if Plaintiffs are given leave to amend, the scope of this suit will remain unclear until the Court rules on their second motion to dismiss, which Defendants represent will be filed should amendment be permitted. The Court finds this argument likewise unpersuasive. A planning conference has not occurred, trial has only been tentatively scheduled and other deadlines have yet to be firmly established through a final progression order. Defendants will not be unduly prejudiced by any delay caused by the submission of an amended complaint.

Finally, Defendants assert that the motion to amend should be denied due to Plaintiffs' delay in asserting the new theories of recovery. Defendants maintain that Plaintiffs' proposed fraud and negligent misrepresentation counts are not based on any new facts or law and that Plaintiffs should have brought these counts in the Complaint or immediately following the Court's dismissal order. However, Plaintiffs' motion was filed in advance of the deadline for amending pleadings. This deadline was proposed by the parties and adopted by the Court in its initial progression order. The Court is unable to conclude that Plaintiffs unduly delayed in filing their motion to amend.

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint (filing 35) is granted. Plaintiffs shall file their amended complaint by or before November 5, 2012.

**DATED November 2, 2012.**

                                                **BY THE COURT:**

                                                S/ F.A. Gossett
                                                **United States Magistrate Judge**